E-FILED
Friday, 30 December, 2005   10:11:00 AM
Clerk, U.S. District Court, ILCD

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case Nos. 02-40154 |
| ) | 02-40201 |
| RONALD JOSEPH VALLE, ) | |
| ) | |
| Defendant. ) | |

## **O R D E R**

This case was sent back to this court on limited Remand of Valle's sentence in accordance with United States v. Paladino, 401 F.3d 471 (7th Cir. 2005).

After receiving the Remand, the court studied the presentence report and received briefs from counsel as to whether the court should ask to have the case returned here for a new sentencing hearing.  On August 11, 2005, the court held oral argument by phone conference.

The court believes that the sentence imposed at the original sentencing hearing was the correct one, and that a full Remand would serve no useful purpose.

The parties have done an excellent job in their briefs of laying out the somewhat unusual procedural history of the case and also of describing the conclusions, computations and observations contained in the Presentence Report.

To hopefully make a long story short, on February 14, 2003, Defendant pleaded guilty to counts of an indictment(02-40201)charging him with Bank Robbery, Assault with a Deadly Weapon, Transportation of a Stolen Vehicle, and Misuse of Social Security Number.  Other counts  were

dismissed at sentencing as part of the plea agreement. On the same day he admitted supervised release violations contained in Case No. 02-40154.

After a number of interim court hearings, Defendant appeared in court on August 22, 2003, and submitted an amended plea agreement which was accepted by the court. Mr. Valle reconfirmed his guilty pleas at that time. The court then conducted a sentencing hearing on the same date and sentenced Defendant to a term of imprisonment in Case No. 02-40201 of 139 months on Count 1(bank robbery); 100 months on Count 2(interstate transportation of a stolen motor vehicle); and 60 months on Count 3(false representation of a social security number), all terms to run concurrently, and a three year period of supervised release. The court also sentenced Defendant on the supervised release violation to a term of imprisonment of 24 months, said term to run consecutive to the sentence imposed on the indictment.

According to the findings in the Presentence Report which were adopted by the court, Defendant's sentencing profile on the indictment was as follows: combined total offense level of 19; criminal history category of VI; custody range of 63-78 months. On the supervised release violations Defendant faced a maximum of 36 months custody, and a recommended guideline range of 18-24 months. Given the Defendant's substantial criminal history of committing bank robberies, the U.S. Probation Office noted that it would be appropriate for the court to consider an upward departure. The court did determine that an upward departure was warranted and the Defendant sentenced as indicated because of the court's grave concern that Defendant would continue to commit bank robberies once released from prison.

There is no doubt in the court's mind that this Defendant, although not technically classified as a career criminal, is a poster person for that label.

As for the sentencing factors contained in 18 U.S.C. §3553, the court finds as follows:

1) Nature and circumstances of the offense–these are accurately set out on pages 2 and 3 of Defendant's brief–most notably robbery of a bank by intimidation, interstate transportation of a stolen motor vehicle that was lawfully taken from him in a repossession; and the false use of the social security number at the bank the day before he robbed it. Serious acts of criminal misconduct.

2) History and characteristics of the Defendant–this factor was a major consideration in the court's placement of the sentence at 139 months plus 24 months consecutive for the supervised release violation. The Defendant has a history of robbing banks, and a history of significant psychiatric illness. It is true that Defendant had an abusive childhood, probably leading to some or all of his psychiatric problems, but at this point in his life those issues come together to make him more dangerous to the public when he is not confined. He also has a history of gambling addiction, which is another risk factor.

3) Need for the sentence imposed to –

    A) reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense–It is clear from the Presentence Report that the Defendant is committed to violating the law with impunity, including the commission of the present bank robbery while on supervised release for the earlier conviction in California for bank robbery. The court does not believe that the Defendant has respect for the law, and therefore will remain unwilling in the future to conform his conduct to the requirements of the law. The sentence imposed is just punishment for his crimes.

B)  afford adequate deterrence to criminal conduct–in terms of general deterrence, the point must be made to anyone contemplating a similar pattern of criminal conduct that such conduct will be dealt with severely.

C)  to protect the public from further crimes of the Defendant–this was the most important consideration of the court in imposing the combined sentence of 163 months.  As indicated in the briefs, the court focused at some length at the sentencing hearing on the belief that Defendant will almost certainly continue to commit bank robberies once released from custody in this case.  In this regard, a sentence of life imprisonment would not have been unwarranted under the circumstances.  Defendant admitted committing several bank robberies leading up to his conviction for bank robbery in California, and then committing the bank robbery in the indictment in this case while on supervised release after he was released from custody in that earlier case.  To say it differently, the court believes that this Defendant constitutes a major danger to the safety of the public when released.  Because of his chronic mental problems, chances for rehabilitation are extremely remote at best.

Defendant needs long term psychiatric treatment, which unfortunately he will probably not receive in the Bureau of Prisons.

The Guideline sentence in this case was totally inaccurate as a reflection of the seriousness of his criminal history and the substantial danger he presents to the public upon release.  It may be, as defense counsel says, that the degree of upward departure in this case was unique.  It is also correct that the court has never had a case where a person has admitted participating in so many bank robberies, or where the mind set of the Defendant is more of a continuing danger to the public.

- 5 -

None of the other provisions of §3553 have any special significance in this sentencing. For all the reasons stated above, the court chooses not to resentence the Defendant and returns this case to the Court of Appeals.

Entered this 29th day of December, 2005.

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge
